# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CARISSA COOPER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| **SNODGRASS-KING PEDIATRIC** | ) |
| **DENTAL ASSOCIATES, P.C.,** | )  **Jury Demand** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes the Plaintiff, Carissa Cooper ("Ms. Cooper") and hereby complains against Defendant Snodgrass-King Pediatric Dental Associates, P.C. ("Snodgrass-King"), as follows:

## INTRODUCTION

1. Ms. Cooper brings this action under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654, and the Tennessee Maternity Leave Act ("TMLA"), Tenn. Code Ann. § 4-21-408, as a result of Snodgrass-King's termination of her employment while she was on maternity leave.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over the FMLA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

3. The Court has supplemental subject matter jurisdiction over the TMLA claim pursuant to 28 U.S.C. § 1367, as it is so related to the FMLA claims that it forms part of the same case or controversy.

4. Venue in this judicial district is proper pursuant 28 U.S.C. § 1391(b), as Snodgrass-King resides or may be found in this district and the events or omissions giving rise to the claims occurred in this district. Snodgrass-King employed Ms. Cooper in this district.

## PARTIES

5. Ms. Cooper is an adult citizen of Tennessee.

6. Snodgrass-King is a for-profit professional corporation organized under the laws of Tennessee with its principal offices at 4761 Andrew Jackson Pkwy., Hermitage, Tennessee 37076. Snodgrass-King maintains an agent for service of process at Mahan & Associates, LLC, 2531 Park Dr., Suite C, Nashville, Tennessee 37214-2198.

## FACTS

7. Snodgrass-King provides dental and orthodontic services to children and adults. At all times relevant to this lawsuit, Dr. David Snodgrass ("Dr. Snodgrass") had an ownership interest in Snodgrass-King and participated in its management.

8. At all times relevant to this lawsuit, Snodgrass-King had four offices located in Murfreesboro, Hermitage, Cool Springs, and Spring Hill, Tennessee. Each of these offices was within 75 miles of the others.

9. Upon information and belief, at all times relevant to this lawsuit, Snodgrass-King employed a total of 100 or more employees on a full-time, permanent basis at its four offices. These included registered dental assistants, dental hygienists, laboratory personnel, office staff, and others.

10. Upon information and belief, at all times relevant to this lawsuit, Snodgrass-King participated in an activity or industry affecting commerce by, among other things, sending bills, claims for reimbursement, and/or other business communications across state lines and through

the mail and wires. A labor dispute at Snodgrass-King or in its industry would tend to burden or obstruct the free flow of commerce.

11. Snodgrass-King hired Ms. Cooper in July 2010 as a registered dental assistant in its restorative dentistry department. Ms. Cooper initially worked at the Murfreesboro office.

12. In September or October 2010, Snodgrass-King moved Ms. Cooper to its orthodontic department. From that point forward, Ms. Cooper rotated between the Murfreesboro, Spring Hill, and Cool Springs offices each week. Ms. Cooper also worked at the Hermitage office on one or more occasions in the summer of 2011.

13. Most of the other registered dental assistants in the orthodontic department rotated between the various offices, as well.

14. As stated in its employee handbook, Snodgrass-King classified any employee who worked at least 32 hours per week as a full-time employee. Ms. Cooper was a full-time employee throughout her tenure at Snodgrass-King.

15. Dr. Snodgrass sometimes expressed frustration or exasperation with employees taking leave from work for childbirth. He once told Ms. Cooper words to the effect, "Don't get pregnant."

16. Ms. Cooper became pregnant in early 2011. She was told her due date was September 25, 2011.

17. In or about February 2011, Ms. Cooper shared the news of her pregnancy with co-worker Katie Brazzell ("Ms. Brazzell") and showed her team supervisor, Jessica Morefield ("Ms. Morefield"), medical paperwork reflecting her September 25 due date.

18. Soon thereafter, Dr. Snodgrass learned of Ms. Cooper's pregnancy and approached her about it. He asked when she was due to give birth, and Ms. Cooper informed him of her September 25 due date.

19. In late February or March 2011, Ms. Cooper had her first ultrasound examination and was given a revised due date of October 18, 2011.

20. The next day, Ms. Cooper told Ms. Morefield about her revised due date. At various times in March 2011, Ms. Cooper also told Dr. Snodgrass, Murfreesboro office manager Tara Palmer ("Ms. Palmer"), and Spring Hill office manager Kristina Carey about her revised due date.

21. In April or May 2011, Ms. Cooper informed management, including Ms. Palmer and orthodontic supervisor Kim McWhorter ("Ms. McWhorter"), of the expected length of her upcoming maternity leave. Ms. Cooper stated that she planned to take six weeks of maternity leave but would return earlier if she could.

22. Ms. Cooper always conveyed that she intended to return to full-time employment at Snodgrass-King after maternity leave.

23. On multiple occasions in the summer of 2011, Ms. Cooper reminded Ms. McWhorter and others in management of her upcoming maternity leave and asked what she needed to do to help arrange it.

24. No one ever designated Ms. Cooper's upcoming maternity leave as FMLA or TMLA leave or asked Ms. Cooper to have a physician complete FMLA paperwork.

25. Ms. Cooper diligently and competently performed her work for Snodgrass-King. She never received disciplinary action.

{004614/12265/00246987.DOCX / Ver.1}   4

Case 3:12-cv-00469   Document 1   Filed 05/11/12   Page 4 of 9 PageID #: 4

26. Ms. Cooper's last day of work was September 19, 2011. That night, she unexpectedly went into early labor. She gave birth to a child the following morning and began her maternity leave.

27. Even while she was in labor, Ms. Cooper sent a text message to Ms. Brazzell, informing her that she was in labor and would not be at work the next day. Ms. Cooper's mother also called Snodgrass-King to alert it to Ms. Cooper's situation.

28. At the time she began her maternity leave, Ms. Cooper had worked full-time for Snodgrass-King for more than 12 consecutive months and had performed more than 1,250 hours of service during that time.

29. Ms. Cooper spent her maternity leave recuperating from childbirth and caring for her newborn child. She did not pursue or engage in other employment.

30. On or about September 30, 2011, while Ms. Cooper was still on maternity leave, office administrator Kelley Zeis called Ms. Cooper to inform her that Snodgrass-King was terminating her employment.

31. As a result of her termination, Ms. Cooper lost the health insurance coverage that she had been receiving as a Snodgrass-King employee. Neither Snodgrass-King nor anyone else offered Ms. Cooper a continuation of health insurance coverage pursuant to the Comprehensive Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161, 1166.

32. Despite reasonable efforts, Ms. Cooper has not found other employment since her termination.

33. Ms. Cooper has suffered humiliation, embarrassment, and mental anguish from losing her livelihood just after giving birth to a child.

## COUNT I: DENIAL OF FMLA RIGHTS

34. Ms. Cooper hereby re-alleges and incorporates each and every allegation set forth above as if fully set forth herein.

35. At all times relevant, Snodgrass-King was an "employer," as defined by 29 U.S.C. § 2611(4), because it engaged in commerce or an industry or activity affecting commerce and had employed 50 or more employees for each working day during 20 or more calendar workweeks in the current or preceding calendar year.

36. Ms. Cooper was an eligible employee of Snodgrass-King, as defined by 29 U.S.C. § 2611(2).

37. Ms. Cooper gave Snodgrass-King reasonable notice of her intention to take maternity leave and the facts underlying her need for leave.

38. Pursuant to 29 U.S.C. § 2612(a)(1)(A), Ms. Cooper was entitled to take up to 12 workweeks of leave "[b]ecause of the birth of a son or daughter of the employee and in order to care for such son or daughter."

39. Ms. Cooper had not used a significant amount of FMLA leave, if any, prior to the maternity leave described herein.

40. Pursuant to 29 U.S.C. § 2614(a)(1), Ms. Cooper was entitled to be restored to her previous position of employment or to an equivalent position.

41. Snodgrass-King denied Ms. Cooper the FMLA benefits to which she was entitled. It failed to restore her to her previous position of employment or to an equivalent position, terminating her long before she exhausted her available FMLA leave.

42. Upon information and belief, Snodgrass-King committed this violation of the FMLA intentionally and/or recklessly.

## COUNT II: RETALIATION FOR EXERCISING FMLA RIGHTS

43. Ms. Cooper hereby re-alleges and incorporates each and every allegation set forth above as if fully set forth herein.

44. Ms. Cooper availed herself of rights protected by the FMLA when she notified Snodgrass-King of her intent to take maternity leave that qualified as FMLA leave and when she actually took such leave.

45. Ms. Cooper suffered an adverse employment action when Snodgrass-King terminated her employment.

46. In violation of 29 U.S.C. § 2615(a) and 29 C.F.R. § 825.220(c), Snodgrass-King retaliated against Ms. Cooper by terminating her due to her exercise of FMLA rights.

47. Snodgrass-King did not have a legitimate, nondiscriminatory rationale for terminating Ms. Cooper.

48. Upon information and belief, Snodgrass-King committed this violation of the FMLA intentionally and/or recklessly.

## COUNT III: DENIAL OF TMLA RIGHTS

49. Ms. Cooper hereby re-alleges and incorporates each and every allegation set forth above as if fully set forth herein.

50. Pursuant to Tenn. Code Ann. § 4-21-408(a), Ms. Cooper was entitled to take up to four months of leave for "adoption, pregnancy, childbirth and nursing an infant, where applicable."

51. Ms. Cooper had not used a significant amount of TMLA leave, if any, prior to the maternity leave described herein.

52. Ms. Cooper gave Snodgrass-King at least three months' advance notice of her anticipated date of departure for leave, her anticipated length of leave, and her intention to return to full-time employment after leave.

53. Pursuant to Tenn. Code Ann. § 4-21-408(b), Ms. Cooper was entitled to be restored to her previous position of employment or to a similar position.

54. The employee handbook provided to Ms. Cooper upon her hiring did not include the text of Tenn. Code Ann. § 4-21-408, as required by Tenn. Code Ann. § 4-21-408(e).

55. Snodgrass-King denied Ms. Cooper the TMLA benefits to which she was entitled. It failed to restore her to her previous position of employment or to an equivalent position, terminating her long before she exhausted her available TMLA leave.

**WHEREFORE**, Ms. Cooper prays for the following relief:

1. That service of process be had upon Snodgrass-King and that Snodgrass-King be required to appear and answer this complaint within the time prescribed by law;

2. A declaration of the rights and obligations of the parties under the FMLA and the TMLA;

3. An award of back pay, including lost wages and fringe benefits;

4. An award of damages for humiliation, embarrassment, and mental anguish;

5. An award of liquidated damages;

6. An order reinstating Ms. Cooper in her former position at Snodgrass-King or, in the alternative, an award of front pay;

7. An award of reasonable attorney's fees, pre-judgment interest, post-judgment interest, and the costs incurred in this action;

8. That a jury be assembled to decide all questions properly decided by a jury; and

9. All other relief, whether legal or equitable, as may be just and proper under the circumstances.

Dated: May 11, 2012

Respectfully submitted,

/s/ Michael J. Wall
James G. Stranch, III, TN# 2542
Michael J. Wall, TN# 24774
BRANSTETTER, STRANCH
　& JENNINGS, PLLC
227 Second Avenue North, Fourth Floor
Nashville, TN 37201-1631
Phone: (615) 254-8801
Fax: (615) 255-5419
jgs@branstetterlaw.com
mwall@branstetterlaw.com

*Counsel for Ms. Cooper*