UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CARISSA COOPER,                    )
                                   )
        Plaintiff                  )
                                   )        No. 3:12-0469
v.                                 )        Judge Nixon/Brown
                                   )        **Jury Demand**
SNODGRASS-KING PEDIATRIC           )
DENTAL ASSOCIATES, P.C.,           )
                                   )
        Defendant                  )

<u>**INITIAL CASE MANAGEMENT ORDER**</u>

Pursuant to M.D. Tenn. LR 16.01(d)(2), the following
Initial Case Management Order is adopted.

**1.  Jurisdiction.**  Plaintiff Carissa Cooper ("Ms.
Cooper") has brought claims under the Family and Medical Leave Act
of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654. The Court has original
subject matter jurisdiction over these claims pursuant to 28 U.S.C.
§ 1331 and 29 U.S.C. § 2617(a)(2).

Ms. Cooper has also brought a claim under the Tennessee
Maternity Leave Act ("TMLA"), Tenn. Code Ann. § 4-21-408. The Court
has supplemental subject matter jurisdiction over this claim
pursuant to 28 U.S.C. § 1367(a).

The parties do not dispute the Court's jurisdiction over
the FMLA claim but do dispute jurisdiction over the TMLA claim.

**2.  Parties' Theories of the Case.**

**(a)  Plaintiff's Theory of the Case.**  Ms. Cooper
alleges that Defendant Snodgrass-King Pediatric Dental Associates,

P.C. ("Snodgrass-King"), terminated her employment while she was on maternity leave, thereby violating both the FMLA and the TMLA.

Ms. Cooper worked full-time for Snodgrass-King from July 2010 to September 2011 as a registered dental assistant. She learned that she was pregnant in early 2011 and promptly gave notice to Snodgrass-King of her need for maternity leave, the facts underlying her need for leave, the expected length of her leave, and her intent to return to her job after leave. Snodgrass-King failed to designate her leave as FMLA/TMLA leave, and it did not ask her to submit a physician's medical certification in order to take leave. Ms. Cooper gave birth to a child and began her maternity leave on September 20, 2011. On September 30, 2011, Snodgrass-King informed her that it was terminating her employment.

The parties meet the coverage provisions of both the FMLA and the TMLA, specifically those relating to Ms. Cooper's length/amount of service and the number of employees at Snodgrass-King. Ms. Cooper's childbirth and care for her newborn were qualifying reasons for FMLA/TMLA leave, and Ms. Cooper gave adequate notice in all respects to Snodgrass-King. Snodgrass-King denied Ms. Cooper her entitlement to maternity leave and restoration to her job by terminating her long before she exhausted her available leave. Snodgrass-King also retaliated against Ms. Cooper for taking maternity leave by terminating her employment.

**(b) Defendant's Theory of the Case.** Ms. Cooper worked full-time for Snodgrass-King from July 2010 to September 2011 as a registered dental assistant. During that time, Ms. Cooper's work was continually poor and she did not evidence any desire to improve her performance. Snodgrass-King complied with the FMLA in all relevant respects, and provided Ms. Cooper with maternity leave pursuant to her requests. However, given Ms. Cooper's continuing poor performance, Snodgrass-King made the decision to terminate her employment on September 30, 2011. Snodgrass-King's termination was not in violation of the FMLA or TMLA.

While Snodgrass-King is covered under the FMLA, the provisions of the TMLA do not apply here, as Snodgrass-King does not have the requisite number of employees to require compliance with the TMLA pursuant to Tenn. Code. Ann. § 4-21-408(d). Snodgrass-King denies that it violated the FMLA or retaliated against Ms. Cooper for taking maternity leave in any way.

**3. Issues Resolved and in Dispute.**

**(a) Issues Resolved.**

(1) The Court has jurisdiction over the FMLA claim and parties, and venue is proper in this district.

(2) Snodgrass-King was an "employer" under the FMLA, as defined by 29 U.S.C. § 2611(4).

(3)  Ms. Cooper was an "eligible employee" under the FMLA, as defined by 29 U.S.C. § 2611(2)(A).

(4)  Ms. Cooper was not excluded from the definition of "eligible employee" under 29 U.S.C. § 2611(2)(B).

(5)  Ms. Cooper was employed by Snodgrass-King for at least twelve (12) consecutive months as a full-time employee when she took leave, as required by Tenn. Code Ann. § 4-21- 408(a).

(6)  Ms. Cooper gave at least three months advance notice of her anticipated date of departure for leave and the anticipated length of her leave.

**(b)  Plaintiff's Unresolved Issues.**

(1)  Whether Snodgrass-King employed at least one hundred (100) full-time employees on a permanent basis at Ms. Cooper's job site or location, *see* Tenn. Code Ann. § 4- 21- 408(d)(2).

(2)  Whether, in all respects, Ms. Cooper gave Snodgrass-King adequate notice of her maternity leave under the FMLA and the TMLA.

(3)  How much leave Ms. Cooper had available under the FMLA and TMLA when she took maternity leave.

(4)  Whether Snodgrass-King failed to include the text of the TMLA in its employee handbook, as required by Tenn. Code Ann. § 4-21-408(e).

(5) Whether Snodgrass-King denied Ms. Cooper FMLA and TMLA benefits to which she was entitled.

(6) Whether Snodgrass-King retaliated against Ms. Cooper by terminating her due to her exercise of FMLA rights.

(7) Whether Ms. Cooper is entitled to equitable relief, such as reinstatement.

(8) Whether Ms. Cooper is entitled to back pay and other monetary relief and, if so, in what amount.

(9) Whether Ms. Cooper is entitled to attorney's fees and, if so, in what amount.

**(c) Defendant's Unresolved Issues.**

(1) The issues listed above for the Plaintiff.

(2) Whether the Court has jurisdiction over the TMLA claim.

(3) Whether Ms. Cooper adequately performed her job duties as an employee of Snodgrass-King.

**4. Potential Witnesses.**

(a) Ms. Cooper

(b) Dr. David Snodgrass

(c) Katie Brazzell

(d) Jessica Morefield

(e) Tara Palmer

(f) Kim McWhorter

(g) Kelley Zeis

(h)  Tracie Boone

(i)  Dr. Dave Kujak

**5.  Initial Disclosures and Discovery.**

**(a)  Initial Disclosures.**  The parties will exchange the information specified by Fed. R. Civ. P. 26(a)(1) by **July 25, 2012**.

**(b)  Discovery Plan.**

(i)  All fact discovery shall be completed by **January 31, 2013**. Discovery requests shall be submitted far enough in advance to provide the full time for completion under the applicable rules.

(ii) The parties shall supplement their discovery responses pursuant to Fed. R. Civ. P. 26(e)(1), as necessary, by **January 31, 2013**. This does not excuse the parties from their ongoing duty to supplement in a timely manner upon learning of the need to do so.

(iii) Pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiff shall disclose any experts by **November 1, 2012**, and Defendant shall disclose any experts by **December 1, 2012**.

(iv) Expert depositions shall be completed by **January 31, 2013**.

(v) Discovery-related motions are due on or before **February 7, 2013**. Prior to the filing of any discovery-

related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

        **(c) E-Discovery.** The parties do not anticipate extensive electronic discovery in this action. The only anticipated electronic discovery shall consist of searches of e-mail accounts where the parties reasonably believe relevant and responsive materials would be found.

        **6.    Joinder and Amendments.**

        (a) Plaintiff will be allowed until **October 19, 2012**, to join additional parties and move for any amendments to the pleadings.

        (b) Defendant will be allowed until **November 16, 2012**, to join additional parties and move for any amendments to the pleadings.

        **7.    Dispositive Motions.** All dispositive motions shall be filed by **February 28, 2013**. Responses to dispositive motions shall be filed by **March 28, 2013**. Optional reply briefs shall be filed by **April 11, 2013**. If dispositive motions are filed early, the response and reply deadlines will be moved up to maintain the same time periods (**28 days** and **14 days**, respectively). Motion and response memoranda are limited to **25 pages**. Reply memoranda are limited to **five pages**. The parties may request that the Court

alter these page limits. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

8. **Alternative Dispute Resolution.** At this early stage, the parties cannot adequately assess whether alternative dispute resolution is appropriate.

9. **Trial by Magistrate Judge.** The parties do not consent to a trial before the Magistrate Judge.

10. **Subsequent Case Management Conferences.** A telephone conference with Magistrate Judge Brown to discuss case progress is set for **November 29, 2012, at 10:00 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

11. **Estimated Trial Time.** The parties estimate that this jury trial will take three days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **July 9, 2013**, **at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **June 28, 2013, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge